**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN HADLEY HASSAN,

        Petitioner - Appellant,

  v.

B. WINGFIELD, acting Warden for FCI-Marianna,

        Respondent - Appellee.

No. 24-6785

D.C. No.
4:23-cv-00510-JCH

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted January 7, 2026**
Phoenix, Arizona

Before: RAWLINSON, M. SMITH, and BRESS, Circuit Judges.

    Steven Hadley Hassan (Hassan) appeals the district court's order denying his

petition for a writ of habeas corpus. We review the denial of the habeas petition

and underlying questions of law de novo. *See Gonzalez v. Herrera*, 151 F.4th

---

    \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1076, 1080 (9th Cir. 2025).  We affirm.

**1.**  The First Step Act (FSA) offers various incentives to encourage inmates' participation in recidivism reduction programs, including phone and visitation privileges, transfer to institutions closer to the inmate's release residence, increased commissary spending limits and product offerings, and time credits.  *See* 18 U.S.C. § 3632(d).  However, prisoners convicted of several offense categories are ineligible from earning time credits.  *Id.* § 3632(d)(4)(A), (D).  Included within the offenses that are ineligible for time credits are Hassan's convictions under 18 U.S.C. § 2251, relating to the sexual exploitation of children.  *See* 18 U.S.C. § 3632(d)(4)(D)(xxxix).  Hassan argues that this ineligibility violates his equal protection rights, and heightened scrutiny should apply because the distinction is driven by animus towards sex offenders.

Rational basis review applies to Hassan's equal protection claim because he is not a member of a suspect class.  *See Raidoo v. Moylan*, 75 F.4th 1115, 1125 (9th Cir. 2023); *see also United States v. LeMay*, 260 F.3d 1018, 1030 (9th Cir. 2001) ("Sex offenders are not a suspect class. . . .").  Under rational basis review, legislation will be upheld "if the classification drawn by the statute is rationally related to a legitimate state interest."  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985) (citations omitted).  In addition, "the state actor has no obligation to produce evidence to sustain the rationality of a classification;

rather, the burden is on the one attacking the arrangement to negative every conceivable basis which might support it." *Curtis v. Inslee*, 154 F.4th 678, 694 (9th Cir. 2025) (citation and alterations omitted).

Hassan has not met this burden. The FSA time credit exclusions are rationally related to ensuring that those who commit the most serious offenses serve their complete sentences. *See United States v. Sharma*, 119 F.4th 1141, 1144 (9th Cir. 2024) ("Distinctions can have a rational basis even when based on rational speculation unsupported by evidence or empirical data. . . .") (citation and internal quotation marks omitted). Congress could rationally determine that convictions relating to the sexual exploitation of children are among the most serious offenses based on the significant potential penalties. *See Blanton v. City of N. Las Vegas*, 489 U.S. 538, 541-42 (1989).

To mount a successful equal protection challenge, Hassan must establish that a "motivating factor" for the FSA was a "discriminatory purpose" directed toward sex offenders. *See United States v. Carrillo-Lopez*, 68 F.4th 1133, 1139 (9th Cir. 2023). Hassan cites law review articles that discuss general animus toward sex offenders in the criminal justice system, resulting in what the authors of those articles believe to be excessive punishment for those crimes. However, Hassan did not present sufficient evidence that lawmakers were motivated by animus toward sex offenders when they passed the FSA time credit exclusions to overcome the

"presumption of legislative good faith." *Abbott v. Perez*, 585 U.S. 579, 605 (2018).

**2.** The time credit exclusions do not violate Hassan's due process rights because he has no liberty interest in earning the credits. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022) (noting that the first step in a due process claim is to "determine whether the inmate was deprived of a constitutionally protected liberty or property interest"). Although "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," a statute may create a liberty interest, "but only to the extent that . . . law creates that interest." *Haggard v. Curry*, 631 F.3d 931, 935 (9th Cir. 2010) (per curiam), *as amended* (citations and alteration omitted). And the FSA explicitly excludes prisoners convicted under 18 U.S.C. § 2251 from earning time credits. *See* 18 U.S.C. § 3632(d)(4)(D)(xxxix). Therefore, the statute did not create a liberty interest in time credits for Hassan. *See Haggard*, 631 F.3d at 935.

**3.** The FSA's time credit exclusions do not constitute ex post facto punishment. The Ex Post Facto Clause prohibits the government "from retroactively changing the definition of a crime to make formerly innocent behavior illegal or increasing the punishment for criminal acts." *McGill v. Shinn*, 16 F.4th 666, 700-01 (9th Cir. 2021) (citations omitted); *see also* U.S. Const. art. 1,

§ 9, cl. 3.  Hassan's sentence remains the same as it was before the FSA was enacted.  Because the FSA does not alter the definition of criminal punishment or lengthen Hassan's sentence, it is not an unconstitutional ex post facto law.  *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997).

**AFFIRMED.**